**PERSONALLY SERVED**

FILED
MINNEAPOLIS, MINN
2015 DEC -8 PM 12:09
CITY CLERK
DEPARTMENT

STATE OF MINNESOTA            DISTRICT COURT

COUNTY OF HENNEPIN         FOURTH JUDICIAL DISTRICT

Case Type: Civil Rights

Camille Williams and
Carrie Athanasselis,

Court File No. _____

       Plaintiffs,

v.                                 **SUMMONS IN A CIVIL ACTION**

City of Minneapolis and John
Does 1-10;

       Defendants.

TO:    City of Minneapolis
        City Hall, Room 304
        350 South Fifth Street
        Minneapolis, MN 55415

        Does 1-10
        Addresses unknown

       **1. YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiffs' Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

       **2. YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons to the address below.

       **3. YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiffs' Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

       **4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN**


EXHIBIT 1

**RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiffs everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

    **5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

    **6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: December 7, 2015

_____
Joshua R. Williams (#389118)
jwilliams@jrwilliamslaw.com
2836 Lyndale Avenue S, Suite 160
Minneapolis, Minnesota 55408
(612) 486-5540
(612) 605-1944 Facsimile

**ATTORNEY FOR PLAINTIFFS**

2

FILED
MINNEAPOLIS, MINN
2015 DEC -8 PM 12: 10
CITY CLERK
DEPARTMENT

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

Case Type: Civil Rights

Court File No. _____

Camille Williams and
Carrie Athanasselis,

    Plaintiffs,

v.

City of Minneapolis and John
Does 1-10;

    Defendants.

**COMPLAINT**

## THE PARTIES

1. Plaintiffs are adult females who currently reside and have resided in Minneapolis, Minnesota at all times relevant to this action. Plaintiff Williams is Plaintiff Athanasselis's daughter.

2. Defendants John Does 1-10 are adult males who at all times relevant to the allegations set forth in this Complaint were acting under the color of state law in their capacities as law enforcement officers employed by the City of Minneapolis, Minnesota. Their true names are unknown to Plaintiffs at this time. Plaintiffs are suing the Does in their individual capacities.

3. Defendant City of Minneapolis is a political subdivision of the State of Minnesota. Minneapolis employed defendants John Does 1-10 as police officers at all times relevant to this action. Minneapolis is sued directly and also, on all relevant claims, on the theories of respondeat superior or vicarious liability and pursuant to Minn. Stat. § 466.02 for the unlawful conduct of

Officers John Does 1-10. Minneapolis is the political subdivision charged with training and supervising law enforcement officers. Minneapolis has established and implemented, or delegated the responsibility for establishing and implementing policies, practices, procedures, and customs used by law enforcement officers employed by Minneapolis regarding seizures and the use of force. Minneapolis is therefore also being sued directly pursuant to *Monell v. Dept. of Soc. Svcs.*, 436 U.S. 658 (1978).

## JURISDICTION AND VENUE

4. This is an action for monetary and declaratory relief under 42 U.S.C. §§ 1983 and 1988 and federal and state common law. This Court has jurisdiction over this matter pursuant to Minn. Stat. § 484.01 *et seq.* and Minnesota common law. Venue lies properly in Hennepin County, Minnesota pursuant to Minn. Stat. § 542.01 *et seq.*, as the events giving rise to this action occurred in Hennepin County.

## GENERAL ALLEGATIONS

5. During the evening on November 18, 2015, Plaintiff Williams was peacefully protesting in the area around the 4th Precinct police station in Minneapolis.

6. Plaintiff Williams, and hundreds of other concerned people, were peacefully protesting over the Minneapolis police officers who shot and killed an unarmed man, Jamar Clark, several days earlier.

7. The protest was connected to a larger national movement protesting police officers who needlessly kill or injure people, Black people in particular.

8. Plaintiff Athanasselis knew that her daughter, Plaintiff Williams, was protesting in the area around the 4th Precinct.

9. Plaintiff Athanasselis became concerned for her daughter's safety, as she heard that Minneapolis police officers were spraying protestors with mace and firing rubber bullets into the crowd of protestors.

10. Indeed, here is an image of Minneapolis police officers firing rubber bullets into the crowd of protestors in front of the 4th Precinct station on November 18, 2015:



11.     At some point after Plaintiff Athanasselis heard about police officers using force against the peaceful protestors, she called Plaintiff Williams's mobile phone. When Plaintiff Williams did not answer her phone, Plaintiff Athanasselis felt compelled to go to the 4th Precinct station to try to locate her daughter.

12.     Plaintiff Athanasselis located her daughter in front of the 4th Precinct station.

13.     By the time Plaintiffs connected with each other, the police officers in front of the 4th Precinct station were agitated and hostile to the protestors.

14. The Plaintiffs and about 10 other protestors moved toward the side entrance of the 4th Precinct station, while the majority of the protestors remained in front.

15. About 10 police officers in full riot gear convened directly in front of Plaintiffs and the 10 or so other protestors near the side entrance to the 4th Precinct station.

16. One of the officers wore a riot gear helmet with the name "Johnson" printed on the back.

17. These officers were agitated and hostile to Plaintiffs and the protestors.

18. Plaintiff Williams feared that these police officers would use force against the protestors, and decided to video record them with her mobile phone.

19. On several occasions, Plaintiff Williams informed the police officers that she was recording them with her mobile phone, and held her phone up so they could see it.

20. Plaintiffs and the 10 or so other protestors peacefully protested in the area outside of the side entrance to the 4th Precinct station for 10 to 15 minutes.

21. After 10 to 15 minutes, the police officers requested Plaintiffs and the protestors to move back, ostensibly so a white van—driven by another officer—could drive down an alley.

22. Plaintiffs and the protestors complied with the police officers' request.

23. The van stopped in the middle of the alley, blocking off Plaintiffs and the 10 or so protestors from the view of the majority of other protestors and media outlets covering the protest.

24. Shortly after the van stopped in the middle of the alley, some of the police officers started pushing the protestors, even though the protestors had complied with the police officers' request to back up.

25. One of the officers then yelled "Push 'em this way!"

26. Another officer then yelled, "PUSH EM!"

27. The officers then started attacking the protestors.

28. One or more officers hit Plaintiff Williams with a night stick several times in her face and body.

29. One officer hit Plaintiff Anthanasselis in the face under her left eye with a night stick.

30. This is what her face looked like shortly after the attack:



31. During the attack, one of the officers grabbed Plaintiff Williams's phone, threw it on the ground, and hit it with a nightstick.

32. This is what her phone looked like shortly after the attack:

7



33. The white van never left the vicinity of the 4th precinct.

34. On information and belief, the reason why the officer drove the van into the middle of the alley was so police officers could attack Plaintiffs and other protestors outside the view of the majority of the protestors and media outlets covering the protest.

35. Plaintiffs did not do anything during this incident that would cause a person to use force against them.

36. Plaintiffs did not interfere with the officers at any time relevant to this action.

37. Plaintiffs were cooperative with the officers at all times relevant to this action.

38. Defendants' conduct caused Plaintiffs to suffer injuries and damages.

39. Plaintiffs sought treatment for their physical injuries at the emergency room several hours after the attack.

40. Plaintiff Williams had to pay money to have her phone repaired.

## COUNT I
### DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS – EXCESSIVE FORCE

41. Plaintiffs restate the allegations contained in the previous paragraphs as if fully incorporated herein.

42. At least two of the Does used force against Plaintiffs while seizing them.

43. The amount of force the Does used while seizing Plaintiffs was unreasonable under the circumstances.

44. That Does were acting under color of state law when they used unreasonable force while seizing Plaintiffs.

45. That Does' actions and omissions caused Plaintiffs to suffer a violation of their Fourth Amendment rights.

46. At the time of the events giving rise to this action, it was clearly established that it is unconstitutional to use unreasonable force, as these Does used against Plaintiffs, to effectuate a seizure.

47. The other Does witnessed the use excessive force against Plaintiffs.

9

48. The other Does had an affirmative duty to intervene on behalf of Plaintiffs, whose Fourth Amendment rights were being violated in their presence by another law enforcement officer.[1]

49. The other Does failed to intervene on Plaintiffs' behalf.

50. Plaintiffs suffered harm as a result of Defendants' denial of their constitutional rights.

**COUNT II**
**DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983 AND THE FIRST AND FOURTEENTH AMENDMENTS**

51. Plaintiffs restate the allegations contained in the previous paragraphs as if fully incorporated herein.

52. Protesting police who needlessly kill people is core political speech protected by the First Amendment to the United States Constitution.

53. Observing and recording public police activities, without interfering with those duties, is a legitimate means of gathering information for public dissemination and is therefore expressive conduct protected by the First Amendment to the United States Constitution.

54. Defendants' use of force against Plaintiffs constituted unlawful retaliation by public officials for Plaintiffs engaging in activity protected by the First Amendment to the U.S. Constitution.

55. Defendant City of Minneapolis is responsible for the violation of Plaintiffs' constitutional rights because the individual Defendants' actions

---

[1] *Webb v. Hiykel*, 713 F.2d 405, 408 (8th Cir.1983); *Putman v. Gerloff*, 639 F.2d 415, 423 (8th Cir.1981).

resulted from the City's custom, pattern, practice, or policy of allowing officers to arrest individuals for their expressive conduct in protesting police and videotaping or otherwise recording police undertaking their official duties.

56. Plaintiffs suffered harm as a result of Defendants' denial of their constitutional rights.

## COUNT III
## BATTERY

57. Plaintiffs restate the preceding paragraphs as though fully stated herein.

58. Defendants harmfully touched Plaintiffs.

59. Defendants' actions were objectively unreasonable and actually and proximately caused Plaintiffs to suffer harm.

## JURY DEMAND

60. Plaintiffs demand a jury trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

1. Enter judgment in Plaintiffs' favor on their claims against Defendants in an amount exceeding $50,000, the exact amount to be proven at trial;

2. Declare that Defendants' conduct, as set forth above, violated 42 U.S.C. § 1983;

3. Award Plaintiffs damages to compensate them for the injuries they suffered as a result of Defendants' unlawful conduct;

4. If Defendants remove this case to federal court, award Plaintiffs punitive damages with respect to their claims under federal law, the exact amount to be proven at trial;

5. Grant Plaintiffs leave to amend the Complaint to include a claim for punitive damages, the exact amount to be proven at trial;

6. Award Plaintiffs reasonable expenses incurred in this litigation, including attorney and expert fees, pursuant to 42 U.S.C. § 1988;

7. Grant Plaintiffs all statutory relief to which they are entitled;

8. Grant Plaintiffs leave to amend this Complaint to supplement any factual deficiencies or otherwise address any pleading deficiencies herein; and

9. Grant any other relief the Court deems just and equitable.

Dated: December 7, 2015

*/s/ Joshua Williams*

Joshua R. Williams (#389118)
jwilliams@jrwilliamslaw.com
Tim M. Phillips (#390907)
tphillips@jrwilliamslaw.com
2836 Lyndale Avenue S, Suite 160
Minneapolis, Minnesota 55408
(612) 486-5540
(612) 605-1944 Fax

**ATTORNEYS FOR PLAINTIFFS**

## ACKNOWLEDGEMENT REQUIRED BY MINN. STAT. § 549.211

Plaintiff, through undersigned counsel, acknowledge that sanctions, attorneys' fees, and witness fees may be imposed under Minn. Stat. § 549.211.

Dated: December 7, 2015

*Joshua Willi*

Joshua R. Williams (#389118)
jwilliams@jrwilliamslaw.com
Tim M. Phillips (#390907)
tphillips@jrwilliamslaw.com
2836 Lyndale Avenue S, Suite 160
Minneapolis, Minnesota 55408
(612) 486-5540
(612) 605-1944 Fax

**ATTORNEYS FOR PLAINTIFFS**