UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Camille Williams and Carrie Athanasselis,<br><br>Plaintiffs,<br><br>v.<br><br>City of Minneapolis and John Does 1-10,<br><br>Defendants. | Court File No.:<br><br>**ANSWER OF DEFENDANT CITY OF MINNEAPOLIS**<br><br>**JURY TRIAL DEMANDED** |

TO: Plaintiffs Camille Williams and Carrie Athanasselis, through their attorneys, Joshua R. Williams and Tim M. Phillips, 2836 Lyndale Avenue South, Suite 160, Minneapolis, MN 55408.

For its Answer to Plaintiffs' Complaint, Defendant City of Minneapolis ("Defendant") states as follows: Unless specifically admitted, qualified, or otherwise pled below, Defendant denies each and every allegation in Plaintiffs' Complaint.

Defendant:

## THE PARTIES

1. Is without sufficient information or knowledge to form a belief about the truth or falsity of the allegations made in Paragraph 1 of the Complaint and it, therefore, denies the allegations.

2. Admits that Plaintiffs claim to be suing John Does 1 – 10 in their individual capacities as alleged in Paragraph 2 of the Complaint, but deny that Plaintiffs' allegations have any merit and that the Defendant is liable; is without sufficient information or

knowledge to form a belief about the truth or falsity of the remaining allegations made in Paragraph 2 of the Complaint and it, therefore, denies the allegations.

3. Admits that the City of Minneapolis is municipal entity; admit that Plaintiffs claim to be suing the Defendant City of Minneapolis under the theories of direct liability, respondeat superior, vicarious liability, and *Monell* liability, but deny that Plaintiffs' allegations have any merit and that the Defendant is liable; admit that the Minneapolis Police Department has established and implemented policies and procedures used by Minneapolis Police Department officers relating to seizures and the use of force; admit that the Minneapolis Police Department has practices and customs relating to seizures and the use of force by Minneapolis Police Department officers; deny the allegation in Paragraph 3 of the Complaint that the City Minneapolis is charged with training and supervising law enforcement officers because, as written, the allegation suggests that the City of Minneapolis is responsible for training and supervising all law enforcement officers throughout the entire state; is without sufficient information or knowledge to form a belief about the truth or falsity of the remaining allegations made in Paragraph 3 of the Complaint and it, therefore, denies the remaining allegations.

## JURISDICTION AND VENUE

4. Admits that the Plaintiffs claim to be seeking monetary and declaratory relief, but deny that Plaintiffs' allegations have any merit and that the Defendant is liable; deny that the Hennepin County District Court has jurisdiction over the federal claims asserted by Plaintiffs in Count I and Count II of the Complaint; the remaining allegations

in Paragraph 4 of the Complaint are legal conclusions to which no response is required, however, if a response is deemed necessary then the allegations are denied.

## GENERAL ALLEGATIONS

5. Is without sufficient information or knowledge to form a belief about the truth or falsity of the allegations made in Paragraph 5 of the Complaint and it, therefore, denies the allegations.

6. Admits that a large number of people were protesting around the 4th Precinct of the Minneapolis Police Department on the evening of November 18, 2015; denies that the protest was peaceful at the time and location relevant to this lawsuit; is without sufficient information or knowledge to form a belief about the truth or falsity of the allegations made in Paragraph 6 of the Complaint that Plaintiff Williams was participating in the protest, and the Defendant, therefore, denies the allegation; denies the remaining allegations in Paragraph 6 of the Complaint.

7. Is without sufficient information or knowledge to form a belief about the truth or falsity of the allegations made in Paragraph 7 of the Complaint and it, therefore, denies the allegation; to the extent that Paragraph 7 of the Complaint is meant to allege that Minneapolis Police Department officers needlessly kill or injure people, Black people in particular, the allegation is denied.

8. Is without sufficient information or knowledge to form a belief about the truth or falsity of the allegation made in Paragraph 8 of the Complaint and it, therefore, denies the allegation.

9. Is without sufficient information or knowledge to form a belief about the truth or falsity of the allegation made in Paragraph 9 of the Complaint and it, therefore, denies the allegation.

10. Is without sufficient information or knowledge to form a belief about the truth or falsity of the allegation made in Paragraph 10 of the Complaint and it, therefore, denies the allegation.

11. Is without sufficient information or knowledge to form a belief about the truth or falsity of the allegations made in Paragraph 11 of the Complaint and it, therefore, denies the allegations.

12. Is without sufficient information or knowledge to form a belief about the truth or falsity of the allegation made in Paragraph 12 of the Complaint and it, therefore, denies the allegation.

13. Is without sufficient information or knowledge to form a belief about the truth or falsity of the allegations made in Paragraph 13 of the Complaint and it, therefore, denies the allegations.

14. Is without sufficient information or knowledge to form a belief about the truth or falsity of the allegations made in Paragraph 14 of the Complaint and it, therefore, denies the allegations.

15. Is without sufficient information or knowledge to form a belief about the truth or falsity of the allegations made in Paragraph 15 of the Complaint and it, therefore, denies the allegations.

16. Is without sufficient information or knowledge to form a belief about the truth or falsity of the allegations made in Paragraph 16 of the Complaint and it, therefore, denies the allegations.

17. Is without sufficient information or knowledge to form a belief about the truth or falsity of the allegations made in Paragraph 17 of the Complaint and it, therefore, denies the allegations.

18. Is without sufficient information or knowledge to form a belief about the truth or falsity of the allegations made in Paragraph 18 of the Complaint and it, therefore, denies the allegations.

19. Is without sufficient information or knowledge to form a belief about the truth or falsity of the allegations made in Paragraph 19 of the Complaint and it, therefore, denies the allegations.

20. Denies that the protesting was peaceful at the time and location relevant to this lawsuit; is without sufficient information or knowledge to form a belief about the truth or falsity of the remaining allegations made in Paragraph 20 of the Complaint and it, therefore, denies the allegations.

21. Upon information and belief, admit that a white van needed to gain access to the 4th Precinct through an alley; is without sufficient information or knowledge to form a belief about the truth or falsity of the remaining allegations made in Paragraph 21 of the Complaint and it, therefore, denies the allegations.

22. Is without sufficient information or knowledge to form a belief about the truth or falsity of the remaining allegations made in Paragraph 22 of the Complaint and it, therefore, denies the allegations.

23. Denies that protestors complied with officers' orders; is without sufficient information or knowledge to form a belief about the truth or falsity of the remaining allegations made in Paragraph 24 of the Complaint and it, therefore, denies the allegations.

24. Is without sufficient information or knowledge to form a belief about the truth or falsity of the allegations made in Paragraph 25 of the Complaint and it, therefore, denies the allegations.

25. Is without sufficient information or knowledge to form a belief about the truth or falsity of the allegations made in Paragraph 26 of the Complaint and it, therefore, denies the allegations.

26. Is without sufficient information or knowledge to form a belief about the truth or falsity of the allegations made in Paragraph 27 of the Complaint and it, therefore, denies the allegations.

27. Is without sufficient information or knowledge to form a belief about the truth or falsity of the allegations made in Paragraph 28 of the Complaint and it, therefore, denies the allegations.

28. Is without sufficient information or knowledge to form a belief about the truth or falsity of the allegations made in Paragraph 29 of the Complaint and it, therefore, denies the allegations.

29. Is without sufficient information or knowledge to form a belief about the truth or falsity of the allegations made in Paragraph 30 of the Complaint and it, therefore, denies the allegations.

30. Is without sufficient information or knowledge to form a belief about the truth or falsity of the allegations made in Paragraph 31 of the Complaint and it, therefore, denies the allegations.

31. Is without sufficient information or knowledge to form a belief about the truth or falsity of the allegations made in Paragraph 32 of the Complaint and it, therefore, denies the allegations.

32. Denies the allegations in Paragraph 33 of the Complaint.

33. Denies the allegations in Paragraph 34 of the Complaint.

34. Is without sufficient information or knowledge to form a belief about the truth or falsity of the remaining allegations made in Paragraph 35 of the Complaint and it, therefore, denies the allegations.

35. Is without sufficient information or knowledge to form a belief about the truth or falsity of the remaining allegations made in Paragraph 36 of the Complaint and it, therefore, denies the allegations.

36. Is without sufficient information or knowledge to form a belief about the truth or falsity of the remaining allegations made in Paragraph 37 of the Complaint and it, therefore, denies the allegations.

37. Denies the allegations in Paragraph 38 of the Complaint.

38. Is without sufficient information or knowledge to form a belief about the truth or falsity of the allegations made in Paragraph 39 of the Complaint and it, therefore, denies the allegations.

39. Is without sufficient information or knowledge to form a belief about the truth or falsity of the allegations made in Paragraph 40 of the Complaint and it, therefore, denies the allegations.

## COUNT I

## DEPREVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS - EXCESSIVE FORCE

40. Defendant realleges and reincorporates its responses and denials to Paragraphs 1 through 40 of the Complaint as though fully set forth herein.

41. Is without sufficient information or knowledge to form a belief about the truth or falsity of the allegations made in Paragraph 42 of the Complaint and it, therefore, denies the allegations.

42. The allegation in Paragraph 43 of the Complaint is a legal conclusion to which no response is required, however, if a response is deemed necessary then the allegation is denied.

43. The allegation in Paragraph 44 of the Complaint is a legal conclusion to which no response is required, however, if a response is deemed necessary then the allegation is denied.

44. The allegation in Paragraph 45 of the Complaint is a legal conclusion to which no response is required, however, if a response is deemed necessary then the allegation is denied.

45. The allegation in Paragraph 46 of the Complaint is a legal conclusion to which no response is required, however, if a response is deemed necessary then the allegation is denied.

46. The allegation in Paragraph 47 of the Complaint is a legal conclusion to which no response is required, however, if a response is deemed necessary then the allegation is denied; is without sufficient information or knowledge to form a belief about the truth or falsity of the allegation relating to what the Does allegedly witnessed and it, therefore, denies the remaining allegations in Paragraph 47 of the Complaint.

47. The allegation in Paragraph 48 of the Complaint is a legal conclusion to which no response is required, however, if a response is deemed necessary then the allegation is denied.

48. The allegation in Paragraph 49 of the Complaint is a legal conclusion to which no response is required, however, if a response is deemed necessary then the allegation is denied.

49. Denies the allegation in Paragraph 50 of the Complaint.

## COUNT II

## DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983 AND THE FIRST AND FOURTEENTH AMENDMENTS

50. Defendant realleges and reincorporates its responses and denials to Paragraphs 1 through 51 of the Complaint as though fully set forth herein.

51. The allegation in Paragraph 52 of the Complaint is a legal conclusion to which no response is required, however, if a response is deemed necessary then the allegation is denied.

52. The allegation in Paragraph 53 of the Complaint is a legal conclusion to which no response is required, however, if a response is deemed necessary then the allegation is denied.

53. The allegation in Paragraph 54 of the Complaint is a legal conclusion to which no response is required, however, if a response is deemed necessary then the allegation is denied.

54. The allegation in Paragraph 55 of the Complaint is a legal conclusion to which no response is required, however, if a response is deemed necessary then the allegation is denied.

55. The allegation in Paragraph 56 of the Complaint is a legal conclusion to which no response is required, however, if a response is deemed necessary then the allegation is denied.

## COUNT III

## BATTERY

56. Defendant realleges and reincorporates its responses and denials to Paragraphs 1 through 56 of the Complaint as though fully set forth herein.

57. Denies the allegation in Paragraph 58 of the Complaint.

58. The allegation in Paragraph 59 of the Complaint is a legal conclusion to which no response is required, however, if a response is deemed necessary then the allegation is denied.

## JURY DEMAND

59. Defendant acknowledges that Plaintiffs have asserted a demand for a jury trial. Defendant demands a jury trial.

## RELIEF REQUESTED

The request for relief is not subject to responsive pleading. To the extent that the prayer for relief implores or asserts liability on Defendant's part in any way, it is denied. Plaintiffs have no right to relief at law or equity.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2. Defendant claims immunity under Minn. Stat. Ch. 466.

3. Plaintiffs' claims are barred by the statute of limitations and/or laches.

4. Service of process on one or more of the Defendants is inadequate.

5. Defendant alleges affirmatively that it is protected by official immunity, qualified immunity, statutory immunity, and/or vicarious official immunity, and protected from any liability stemming from this action.

6. Defendant's actions are permitted by local law, state statute, federal law, or other applicable law.

7. The alleged use of force referenced in the Complaint was privileged under the common law and/or under Minn. Stat. §§ 609.06 and 609.066.

8. Defendant's liability for tort claims is limited by Minn. Stat. §§ 466.01, 466.02, 466.03, 466.04 and 466.05.

9. Defendant is not liable for punitive damages, if any, under state and federal law.

10. Defendant alleges that the acts upon which the Complaint is based were privileged, were based upon reasonable suspicion, probable cause, or other proper legal standard to believe that Plaintiffs had committed a criminal offense, were commanded or authorized by law, and were done in a reasonable and lawful manner under the circumstances such that Defendant is immune from liability in this action.

11. The actions and/or use of force alleged in the Complaint were justified by Plaintiffs' actions or the actions of others over whom the Defendant had no control.

12. The actions and/or use of force alleged in the Complain were justified by the doctrine of self-defense.

13. Plaintiffs' injuries or damages, if any, were caused, contributed to, or brought about by Plaintiffs' own intentional and/or negligent acts or the acts of others

over whom Defendant exercised no right or dominion or control and for whose actions Defendant is not legally responsible.

14. Plaintiffs' injuries, if any, are caused by Plaintiffs' unlawful, unreasonable, or illegal acts.

15. Plaintiffs failed to mitigate their damages, if any.

16. Plaintiffs assumed the risk of injury from their acts and omissions.

17. Defendant denies that Plaintiffs have any right to attorneys' fees in this action.

18. Plaintiffs had knowledge, or in the exercise of reasonable care should have had knowledge, of each of the risks about which Plaintiffs complain; further Plaintiffs voluntarily assumed any risk inhered in the situation that gave rise to the Complaint.

19. Defendant alleges that if Plaintiffs have suffered any injury, damage or harm, such injury, damage or harm was caused by persons, events, and occurrences not involving the Defendant or Doe Defendants.

20. Defendant reserves the right to assert any additional affirmative defenses that are discovered through discovery or the investigation of the Plaintiffs' claims.

**WHEREFORE**, Defendants pray for an Order of this Court as follows:

a. Dismissing the Plaintiffs' Complaint on its merits and with prejudice;

b. Awarding Defendant all of its costs and disbursements as allowed by law, including reasonable attorneys' fees; and

c. For such other and further relief as this Court deems just and equitable.

Dated: **December 23, 2015**       SUSAN L. SEGAL
                                                     City Attorney
                                                     By

KRISTIN R. SARFF (0388003)
Assistant City Attorney
Minneapolis City Attorney's Office
350 South 5th Street
City Hall, Room 210
Minneapolis, MN 55415
(612) 673-3919

*Attorneys for Defendant City of Minneapolis*